JOHN W. BINGHAM *vs.* MARCOTTE, COTE & COMPANY.

Androscoggin.    Opinion December 15, 1916.

*Exceptions.   Requested instructions.   Rights of trespasser as compared with rights of invitee or licensee.*

1. If the owner or occupier of land, either directly or by implication, induces persons to go upon his premises, he thereby assumes an obligation to see that such premises are in a reasonably safe condition so that the persons there by his invitation may not be injured by them or in their use for the purpose for which the invitation was extended.

2. Under all conditions and circumstances men must use reasonable care, and if they fail to use reasonable care and are hurt on account of their failure, then they must bear their injuries themselves, regardless of who else might have been responsible.

3. It is not error to refuse to give requested instructions, the granting of which would, in substance, amount to an expression of opinion upon the facts in the case.

Action on the case to recover damages for injuries received by plaintiff through the alleged negligence of defendant. Defendant filed a plea of general issue. Verdict for plaintiff in the sum of one hundred sixty-two dollars and fifty cents. Defendant filed exceptions to refusal of court to give certain requested instructions and rulings, and also a motion for a new trial. Exceptions overruled. Motion overruled.

Case stated in opinion.

*George C. Wing, and George C. Wing, Jr.,* for plaintiff.

*J. G. Chabot,* for defendants.

SITTING: CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

HALEY, J. An action to recover damages for personal injuries alleged to have been sustained by the plaintiff by falling off the landing of a stairway into the basement of the defendant's store-room. The plaintiff alleges that on August 14th, 1915, he was directed by one of the defendants to go to the storeroom and get an empty barrel in exchange for one containing some apples which the plaintiff had sold to the defendant that morning, and while doing so fell down the stairway and sustained the injuries complained of. The defendant contended that the plaintiff did not meet with any accident when he went after the barrel, as alleged by him, but that having sold two boxes of apples subsequent to the first transaction when he sold the defendant a barrel of apples, he went, of his own accord, without being directed or told to, back into the same storeroom for two empty boxes to take the place of those containing the apples sold the defendant, and that in so doing he fell down the stairway into the basement and sustained the injuries sued for. The verdict was for the plaintiff for the sum of $162.50, and the case is before this court upon exceptions and a motion to set aside the verdict.

EXCEPTION.

1. The defendant excepted to the following in the charge of the presiding Justice: "The defendant has raised no objection so far as the form of the writ goes, but says that as a matter of fact, if he was hurt at all, that he was not hurt when he was getting the barrels, but when he was getting some boxes. If the plaintiff was invited on either occasion, if there were two, to go into the room, the rule of law would not be different whether it was a barrel or boxes. The defendant does not make any point, however, about that, the phraseology of the writ, but he says the circumstances connected with the getting of the boxes were different from what the plaintiff says they were with regard to getting the barrels. The difference between the two is one which might be cured by amendment, and no point has been made, so I shall submit the case to you on what the liability of the defendant might be in either case."

The plaintiff's cause of action, as set forth in his writ, is that he was directed by the defendant to go into the storeroom of the defendant connected with their store and obtain a barrel in place of the barrel containing apples which he had sold them, that the storeroom was dark and had an open trap door in it, of which the plaintiff had no notice, and by the exercise of due care would not have had notice, and that, by reason of the negligence of the defendant in sending him into that room with the open trap door, he fell through the trap door and sustained the injuries complained of. The cause of action was sending him into the storeroom having a trap door open that the plaintiff knew not of. It was immaterial whether he went in to get a box or barrel. That was no part of the cause of action. It was merely the reason for his going. If the room had been safe, and he exercised due care, whether it was a barrel or boxes that he was after, he would not have received his injuries. The purpose of the plaintiff's visit to the storeroom was not the cause of his injuries; it might be proved to show that he had a lawful right to enter, and it was the duty of the presiding Justice, no question having been raised in regard to the testimony when it was offered, to instruct the jury fully upon the liability of the defendant in either case as the evidence showed, and it appears by the Judge's charge, which is made a part of the bill of exceptions, that they were so instructed. *Cyr* v. *Landry,* 114 Maine, and cases cited, page 196.

As stated by the defendant's counsel, "It is a well recognized rule of law, requiring no citation, that the plaintiff is bound to prove the material facts as alleged; but, as stated above, it was immaterial whether he entered the storeroom for a barrel or a box." The exception must be overruled.

2. The defendant also excepted to the refusal of the presiding Justice to instruct the jury as follows: "The defendant's counsel ask me to instruct you that if the place was dark, that it was the plaintiff's duty to get a light, if he was not familiar with it." The court said: "I do not give you that instruction. I instruct you that it was his duty to use reasonable care. If the situation of the room, and the light and darkness were such that reasonable care required a light, then of course he should have obtained one,

otherwise not." It was a disputed question of fact whether the room was light or dark. Witnesses testified that there were two windows from which the light shone in a direct line with the stairway, and necessarily must have shown the open trap door. Other witnesses testify that it was dark. The requested instruction called for an expression of opinion on the facts.

This case differs from the case of *Parker* v. *Portland Publishing Company,* 69 Maine, 173. In that case the plaintiff was a stranger upon the premises, and in the dark hours of the night was seeking to find his way through an unlighted corridor and fell into the elevator shaft. In this case there was evidence tending to prove that the plaintiff was familiar with the room, that there was light in the room from two windows, and the fact that the trap door was open was apparent to any one who used their eyes, and the jury were properly instructed that it was the duty of the plaintiff to exercise due care under all the circumstances of the case. The charge of the presiding Justice defined to the jury what due care was, and the defendant had no right to have the court assume that his contention upon the disputed facts was right and instruct the jury upon that assumption.

MOTION.

There is no doubt that the plaintiff was injured while upon the defendant's premises. The only questions upon liability were the negligence of the defendant and the contributory negligence of the plaintiff. The jury found for the plaintiff, and the evidence is not so strong to the contrary as to show that they were influenced by prejudice, bias or mistake, and the mandate must be,

*Exceptions overruled.*
*Motion overruled.*